IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS
AT KANSAS CITY, KANSAS

Douglas and Serenity Boedicker,     )
                                    )
            Plaintiffs,             )
                                    )        Case No. 2:16-cv-02798-JTM-TJJ
v.                                  )
                                    )
Rushmore Loan Management            )
Services LLC,                       )
                                    )
            Defendant.              )

## DEFENDANT RUSHMORE LOAN MANAGEMENT SERVICES LLC'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

Defendant Rushmore Loan Management Services LLC ("Defendant"), pursuant to Fed. R. Civ. P. 12(b)(6), moves to dismiss Plaintiffs' Complaint against Defendant for the following reasons:

## I.    Preliminary statement

Plaintiffs' Complaint was filed on December 5, 2016 (DOC # 1).  Defendant was served on December 15, 2016 (DOC # 4).  In an Order dated January 5, 2017, the Court granted Defendant's unopposed motion for an extension of time to respond to Plaintiffs' Complaint, up to and including January 26, 2017 (DOC # 9).

Plaintiffs' Complaint states causes of action against Defendant premised on the Real Estate Settlement Procedures Act (RESPA), fraudulent misrepresentation, breach of contract, and the Fair Debt Collection Practices Act (FDCPA).  Plaintiffs'

1

Complaint fails to state a cause of action against Defendant and, pursuant to Federal Rule of Civil Procedure 12(b)(6), should be dismissed.

## II.    Argument and authorities.

### A.    Standard for Dismissal

The Court should grant a motion to dismiss if, assuming the truth of the factual assertions made in the complaint, a plaintiff fails to state a viable claim as a matter of law.  *See* Fed. R. Civ. P. § 12(b)(6); *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955 (2007).   Specifically, the plaintiff must assert facts that affirmatively suggest, beyond the speculative level, that he or she is entitled to relief, and mere factual conclusions or a formulaic recitation of the elements of the cause of action are insufficient.   *Twombly,* 127 S. Ct. at 1964-66 (abrogating the "no set of facts" standard set forth in *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).

### B.    Plaintiffs' Count One does not state a cause of action pursuant to 12 CFR § 1024.41(e).

Plaintiffs' Count One is premised on supposed violations of 12 CFR § 1024.41(e).  Plaintiffs allege in Count One that the trial plan offered Plaintiffs did not include "specific terms for the permanent modification, [. . .]."  See Plaintiffs' Complaint ¶ 51.   Plaintiffs also alleges that Defendant's determination of what constitutes an acceptable offer was "a distinct violation of 12 CFR § 1024.41(e)."  See Plaintiffs' Complaint ¶ 52.

There is no requirement in 12 CFR § 1024.41(e) that a trial plan include the terms for a permanent modification and Plaintiffs do not identify such a

2

requirement in the regulation.  See, e.g., *Romero v. Bank of Am., N.A.,* 2015 U.S. Dist. LEXIS 6600, *3-5, 2015 WL 265057 (D. Kan. Jan. 21, 2015) (trial plan and permanent loan modification identified as separate agreements).  Moreover, nothing in 12 CFR § 1024.41(e) prohibits a servicer from unilaterally determining what constitutes an acceptable offer of loss mitigation.   Plaintiffs are reading into 12 CFR § 1024.41(e) requirements that do not exist.  Plaintiffs' Count One fails to state a cause of action and should be dismissed.

### C.    Plaintiffs' Count Two does not state a cause of action pursuant to 12 CFR § 1024.41(c).

Plaintiffs' Count Two is premised on supposed violations of 12 CFR § 1024.41(c).  Again, Plaintiffs do not specify how Defendant violated this regulation. Plaintiffs generally state that Defendant failed to review Plaintiffs for all loss mitigation efforts.   Plaintiffs make this claim despite attaching to Plaintiffs' Petition over one-hundred pages of documents related to Defendant's consideration of Plaintiffs for loss mitigation.

12 CFR § 1024.41(c) sets out the procedure for evaluation of loss mitigation applications.  12 CFR § 1024.41(c)(1)(I)(ii) specifically sets out the time frame for a servicer to respond to a complete application and what a servicer must include in a notice to the borrower concerning its evaluation of a complete loss mitigation application.   Plaintiffs do not plead that Defendant did not comply with the applicable deadlines.  Plaintiffs do not contend that they did not receive the requisite notice or that the notice was, in anyway inadequate.  Compare *Watson v.*

Case No. 2:16-cv-02798-JTM-TJJ
SL # 198139

*Bank of Am., N.A.*, 2016 U.S. Dist. LEXIS 85580, HN 18, *33, 2016 WL 3552061 (S.D. Cal. June 30, 2016) (under 12 CFR § 1024.35, catchall assertion that the defendant did not provide accurate and complete responses is insufficient to state a claim under Rule 8).

In essence, Plaintiffs' complaint is that Defendant did not indicate in the notice sent to Plaintiffs an "indication of all loss mitigation options the Plaintiffs were reviewed for." See Plaintiff's Complaint ¶ 65. 12 CFR § 1024.41(c)(1)(ii) sets out the requirement of the notice a servicer must send. This section requires the servicer to state in the notice "which loss mitigation options, if any, it will offer to the borrower [. . .]." 12 CFR § 1024.41(c)(1)(ii). There is no requirement that the notice list all option considered. Plaintiffs' Count Two fails to state a cause of action against Defendant.

> **D.   Plaintiff's' Count Three does not state a cause of action pursuant to** 12 CFR § 1024.35(b).

Plaintiffs' Count Three is premised on supposed violations of 12 CFR § 1024.35(b). 12 CFR § 1024.35 provides a borrower with a procedure for notifying a servicer of an error. The regulation also provides the procedure a lender must follow in responding to a notice of error. Plaintiffs' Complaint fails to plead any violation of 12 CFR § 1024.35.

Plaintiffs do not claim that Defendant did not comply with the deadlines delineated in 12 CFR § 1024.35. Instead, Plaintiffs' only apparent allegation of error is that Defendant failed to provide Plaintiffs with a "waterfall analysis". 12

CFR § 1024.35(b) lists the categories of covered errors.   Failure to provide a "waterfall analysis" is not included in 12 CFR § 1024.35(b).

The remainder of 12 CFR § 1024.35 sets out the procedure a servicer must follow when evaluating and responding to a notice of error.   Plaintiffs do not plead how Defendant failed to comply with this procedure.   For these reasons alone the Court should dismiss Plaintiffs' Count Three.

Moreover, the Court should dismiss Plaintiffs' Count Three because Plaintiffs' allegations are too general.   To state a violation of 12 CFR § 1024.41(e) a plaintiff must allege facts of when the letter was sent, to whom it was directed, why it was sent and the contents of the letter.   A Court should require this level of detail so it can determine if the letter qualifies as a notice of error.   A conclusory allegation that a plaintiff submitted a notice of error "does not state a plausible claim under the Real Estate Settlement Procedures Act, 12 U.S.C.S § 2601 et seq." *Watson v. Bank of Am., N.A.*, 2016 U.S. Dist. LEXIS 85580, HN 18, \*30, 2016 WL 3552061 (S.D. Cal. June 30, 2016).

### E.   Plaintiffs' Count Four does not state a cause of action for Fraudulent Misrepresentation.

The elements of fraud based upon an affirmative misrepresentation were stated as follows in *Broberg*:

> The essential elements required to sustain an action for deceit are, generally speaking, that a representation was made as a statement of fact, which was untrue and known to be untrue by the party making it, or else recklessly made; that it was made with intent to deceive and for the purpose of inducing the other party to act upon it; and that he did in fact rely on it and was induced thereby to act to his injury or damage.

5

*Broberg v. Boling*, 183 Kan. 627, 634, 331 P.2d 570 (1958).

The Kansas Supreme Court has pointed out that "[a]ctionable fraud includes an untrue statement of fact, known to be untrue by the party making it, which is made with the intent to deceive or recklessly made with disregard for the truth, where another party justifiably relies on the statement and acts to his or her injury and damage." *Albers v. Nelson*, 248 Kan. 575, 579, 809 P.2d 1194 (1991) (citations omitted).

In Count Four, Plaintiffs do not plead the elements of a cause of action for fraudulent misrepresentation.  Plaintiffs state that Defendant knowingly and recklessly reviewed Plaintiffs' loan modification application.  Reviewing a loan modification application alone cannot support a claim for fraudulent misrepresentation.  More is needed.

Plaintiffs refer to a payment plan.  See Plaintiffs' Complaint ¶ 84.  Plaintiffs do not plead that, in the payment plan, "a representation was made as a statement of fact, which was untrue and known to be untrue by the party making it, or else recklessly made."   Moreover, Plaintiffs do not plead that Defendant offered the payment plan with the "intent to deceive and for the purpose of inducing [. . .] [Plaintiffs] to act upon it [. . .]."  Finally, Plaintiffs do not plead that they did in fact rely on the payment plan and were "induced thereby to act to [. . .] [their] injury or damage."  Broberg, 183 Kan. at 634.

Federal Rule of Civil Procedure 9(b) requires a party pleading fraud to state "with particularity the circumstances constituting fraud [. . .]." Plaintiffs' Count Four should be dismissed because Plaintiffs fail to plead fraud with particularity. Plaintiffs fail to identify with particularity any "untrue statement of fact, known to be untrue by [. . .] [Defendant]." Plaintiffs fail to plead with particularity what supposed misrepresentations were made by Defendant "with the intent to deceive or recklessly made with disregard for the truth [. . .]." Finally, Plaintiffs fail to plead with particularity how they "justifiably [. . .] [relied] on the statement and acts to [. . .] [their] injury and damage." *Albers*, 248 Kan. at 579. For these reasons the Court should dismiss Plaintiffs' Count Four.

**F.    Plaintiff's' Count Five does not state a cause of action for breach of contract.**

A Mortgage and Note are contracts and, as such, are interpreted according to the rules governing contracts. *First Nat'l Bank & Trust Co. v. Lygrisse*, 231 Kan. 595, 647 P.2d 1268 (Kan. 1982). Kansas Courts have long held that "a plain and unambiguous written contract must be enforced according to its terms, and the rights of the parties are governed by the terms of the contract without the aid of parol evidence." *In re Estate of Johnson*, 202 Kan. 684, 689-90, 452 P.2d 286 (Kan. 1969).

The elements of a breach of contract claim are: (1) the existence of a contract between the parties; (2) sufficient consideration to support the contract; (3) the plaintiff's performance or willingness to perform in compliance with the contract; (4)

the defendant's breach of the contract; and (5) damages to the plaintiff caused by the breach. *Commercial Credit Corporation v. Harris*, 212 Kan. 310, 313, 510 P.2d 1322 (1973).

Plaintiffs fail to plead a cause of action for breach of contract. Plaintiffs admit that they failed to perform under the Mortgage contract. In the first sentence of Plaintiffs' Petition, Plaintiffs state that their loan is not current. In other words, Plaintiffs are in default. Plaintiffs do not plead an intent to bring the loan current or cure the default. Plaintiffs do not, and cannot, plead their performance or willingness to perform in compliance with the Note or Mortgage.

Plaintiffs fail to identify a single provision of the Mortgage or Note that Defendant failed to comply with. Plaintiffs reference absolutely no provisions in the Note or Mortgage that require any loss mitigation review or require a particular loss mitigation proposal. Instead, Plaintiffs attempt to read into the Mortgage and Note requirements that are not stated in these documents. Plaintiffs fail to plead a cause of action for breach of contract under Kansas law.

Finally, the Court should dismiss Plaintiffs' breach of contract count because no contract exists between Plaintiffs and Defendant. As mentioned *supra*, the Note and Mortgage are the contracts that govern the relationship between a lender and borrower. *First Nat'l Bank & Trust Co. v. Lygrisse*, 231 Kan. 595, 647 P.2d 1268 (Kan. 1982). As noted in Plaintiffs' Complaint, Defendant is not a party to the Note and Mortgage. Defendant is the servicer of Plaintiffs' loan. See, e.g., Plaintiffs' Complaint, ¶ 89 (Defendant "has been the servicer of Plaintiffs' mortgage loan").

Also in Plaintiffs' Complaint, ¶ 89, Plaintiffs assert that Plaintiffs and Defendant have a "binding contractual relationship" because Defendant is the servicer of Plaintiffs' loan.  This is the type of "mere factual conclusions" the Court in *Twombly* admonished against.  Plaintiffs plead no facts supporting this bald conclusion.  A contractual relationship cannot exist unless there is a contract between the parties.  *Commercial Credit Corporation,* 212 Kan. at 313 (existence of contract is an element of a breach of contract claim).  Plaintiffs do not reference a contract signed by Plaintiffs and Defendant.  Plaintiffs do not state a cause of action for breach of contract.

### G.   Plaintiff's' Count Six does not state a cause of action for violation of 15 U.S.C. 1692(k).

In Count Six, Plaintiffs contend that Defendant violated 15 U.S.C. 1692(d) and (f) "by failing to properly review LM # 1 and offering an unconscionable payment proposal guised as a loan modification [. . .]."  See Plaintiffs' Complaint ¶ 104.  While it is unclear, it appears that Plaintiffs are attempting to state a cause of action under 15 U.S.C. § 1692d (Harassment or abuse) and 15 U.S.C. § 1692f (Unfair practices).

The type of conduct covered by 15 U.S.C. § 1692d is discussed in *Udell v. Kan. Counselors, Inc.,* as follows:

> Section 1692d generally prohibits debt collectors from engaging in harassing, oppressive, or abusive conduct. Without limiting that general prohibition, it specifically prohibits using or threatening to use violence or criminal means to harm anyone; using obscene, profane, or abusive language; publishing deadbeat lists; making repeated telephone calls intended to annoy or harass;

9

and of course making telephone calls without disclosing the caller's identity [. . .].

313 F. Supp. 2d 1135, 1143, 2004 U.S. Dist. LEXIS 6161 (D. Kan. 2004).  There is nothing harassing, oppressive, or abusive about Defendant's alleged conduct.  It is not the kind of behavior contemplated by 15 U.S.C. § 1692d.

Plaintiffs refer to Exhibit G as "an unconscionable payment proposal guised as a loan modification [. . .]."  See Plaintiffs' Complaint, ¶ 104.  Hyperbole aside, no facts are plead in Plaintiffs' Complaint establishing that Exhibit G is harassing, oppressive, or abusive.   Exhibit G is clearly identified as a Trial Modification Agreement.  Plaintiffs are encouraged to "Consult with Counsel."  The terms of the agreement are clearly stated.  Plaintiffs are given the option to reject the offer and pursue other options such as reinstating or paying off the loan.  Again, there is nothing harassing, oppressive, or abusive about Exhibit G.   Compare *Eades v. Kennedy, PC Law Offices*, 799 F.3d 161, 173 2015 U.S. App. LEXIS 9295 (2d Cir. N.Y. 2015) (FDCPA protection does not extend to every bizarre or idiosyncratic interpretation of a collection notice).

Plaintiffs likewise do not state a cause of action under 15 U.S.C. § 1692f.  To state a cause of action under this section a complainant must "specifically identify how [. . .] [the alleged conduct] was [. . .] unfair or unconscionable under section 1692f [. . .]."  *Taylor v. Heath W. Williams, L.L.C.,* 510 F. Supp. 2d 1206, 1217, 2007 U.S. Dist. LEXIS 14405 (N.D. Ga. 2007).  Plaintiffs do not "specifically identify" how Defendant sending Plaintiffs Exhibit G was unfair or unconscionable.  Plaintiffs do

10

not plead how offering a trial modification agreement, even if Plaintiffs determine they cannot afford the payments, constitutes an unfair practice.

### H. Plaintiffs' Counts Seven does not state a cause of action for violation of 15 USC § 1692e.

15 USC § 1692e prohibits a debt collector from using false, deceptive, or misleading representation or means in connection with the collection of any debt. Plaintiffs' Count Seven is premised on the possibility that Defendant provided incorrect information to Equifax. This possibility is premised on the assertion that the amount of arrears in a January Reinstatement Plan was different than the Equifax credit report. See Plaintiffs' Complaint ¶ 115.

Assuming for the sake of argument that the amount in arrears reported to Equifax was inaccurate, Plaintiffs' claim does not state a cause of action under 15 USC § 1692e. In order for an allegedly false statement to constitute a FDCPA violation, the statement must be material. See *Miranda v. Praxis Fin. Solutions, Inc.*, 2014 U.S. Dist. LEXIS 154679, *6, 2014 WL 5504745 (D. Colo. Oct. 31, 2014) (FDCPA does not result in liability for every statement later alleged to be inaccurate, no matter how small or ultimately harmless), citing, among others, *Maynard v. Bryan W. Cannon, P.C.*, 401 Fed. Appx. 389, 2010 U.S. App. LEXIS 23308 (10th Cir. 2010).

In *Maynard,* the plaintiff claimed that the defendant violated the FDCPA, in part, because it incorrectly stated the amount owed in a letter to the plaintiff. The Court dismissed this claim stating plaintiff's "reasoning, that any incorrect

11

statement of the amount owed, no matter in which direction the debt collector erred, nor the amount of the error, results in strict liability for the debt collector, is unfounded in the text of the FDCPA and is at odds with its purpose of preventing 'abusive, deceptive, and unfair debt collection practices.'"   2010 U.S. App. LEXIS 23308, *17-19.

In this case, Plaintiffs admit they were in default.  Plaintiffs do not contest that Defendant otherwise correctly reported the disposition of their debt to Equifax. Plaintiffs' only complaint is that Defendant might have reported the wrong amount owed.  Plaintiffs are unsure if this is true.  See Plaintiffs' Complaint ¶ 119.  The amount could be accurate or, according to Plaintiffs' calculations, it could be off by less than $2,000.  Plaintiffs do not plead how the discrepancy, if true, is material. Moreover, Plaintiffs do not state how they were injured by the alleged discrepancy. The Court should dismiss Plaintiffs' Count Seven.

I.    **Plaintiffs' Counts Eight does not state a cause of action for violation of 15 USC § 1692e.**

The premise of Plaintiffs' Count Eight is not clear.  Plaintiffs refers to Exhibit A and other unidentified "Reinstatement Plan letters" and claim that these letters fail to inform "Plaintiffs that it was an attempt to collect a debt."  Plaintiffs go on to allege that this is a violation of 15 USC § 1692e(11).  This section states as follows:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

**(11)** The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

15 USC § 1692e(11).

Plaintiffs do not provide a complete copy of Exhibit A and no copies of the other Reinstatement Plan letters.  There is no way for the Court to determine whether Plaintiffs have accurately stated a violation of 15 USC § 1692e(11).  Compare discussion of notice of error and *Watson v. Bank of Am., N.A.*, 2016 U.S. Dist. LEXIS 85580, HN 18, *30, 2016 WL 3552061 (S.D. Cal. June 30, 2016), *supra.*

Moreover, as discussed in *Galligan v. FMS, Inc.*, there is no magic language needed to comply with 15 USC § 1692e(11).  2012 U.S. Dist. LEXIS 50476, 2012 WL 1207214 (D. Kan. Apr. 11, 2012).  In *Galligan*, the Court concluded that 15 USC § 1692e(11) is satisfied if the defendant generally provides the information delineated in 15 USC § 1692e(11).  2012 U.S. Dist. LEXIS 50476, *18-19.

Exhibit A clearly indicates that Defendant was offering Plaintiffs a payment plan which would allow Plaintiffs to cure Plaintiffs' default and reinstate the loan.  There is no reasonable interpretation of Exhibit A that does not allow the conclusion that Exhibit A is communication from a debt collector.  Moreover, Plaintiffs do not assert that they were unaware that the communication was from a debt collector.  Plaintiff do not plead that they were confused about the nature of

13

the communication.  Plaintiffs fail to state a cause of action against Defendant in Count Eight.

## III.    Conclusion

For the reasons stated herein, Defendant respectfully requests that the Court dismiss Plaintiffs' Complaint and claims against Defendant and grant Defendant whatever additional relief the Court deems appropriate.

Respectfully submitted,

/s/ David L. Boman
David L. Boman (KS # 19896)
SouthLaw, P.C.
13160 Foster Suite 100
Overland Park, KS 66213-2660
(913) 663-7735
(913) 663-7899 (Fax)
David.Boman@southlaw.com
*Attorneys for Defendant*

### CERTIFICATE OF SERVICE

I hereby certify that on January 25, 2017 I electronically filed the above and foregoing with the clerk of court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

/s/ David L. Boman
David L. Boman

14

Case No. 2:16-cv-02798-JTM-TJJ
SL # 198139