**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS
AT KANSAS CITY, KANSAS**

| | | |
|---|---|---|
| Douglas and Serenity Boedicker, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 2:16-cv-02798-JTM-TJJ |
| v. | ) | |
| | ) | |
| Rushmore Loan Management | ) | |
| Services LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT RUSHMORE LOAN MANAGEMENT SERVICES LLC'S
REPLY TO PLAINTIFFS' SUGGESTIONS IN OPPOSITION TO
<u>DEFENDANT'S MOTION TO DISMISS</u>**

Defendant Rushmore Loan Management Services LLC ("Defendant") offers

for the Court's consideration the following Reply in response to Plaintiffs'

Suggestions in Opposition to Defendant's Motion to Dismiss (Plaintiffs' "Response").

**I.     Argument and authorities.**

**A.     Standard for Responding to a Motion to Dismiss**

A response to a motion to dismiss is not an amendment to a complaint.

*Hansen-Moor Assocs., Inc. v. Allied B/J Trust*, 1992 U.S. Dist. LEXIS 12436, 1992

WL 190714 *3 (D. Kan. July 17, 1992).  A "[p]laintiff may not add to or change his

claims in a response to a motion to dismiss."  *Hale v. Emporia State Univ.*, 2016

U.S. Dist. LEXIS 29629, *11 (D. Kan. Mar. 8, 2016).

1

**B.    Plaintiffs' count one does not state a cause of action pursuant to 12 CFR § 1024.41(e).**

While Plaintiffs' Response to Defendant's motion to dismiss count one of Plaintiffs' Complaint is somewhat convoluted and difficult to follow, it appears that Plaintiffs are attempting to rewrite their Complaint.  In Plaintiffs' Complaint, count one, Plaintiffs allege that Defendant violated 12 CFR § 1024.41(e).  Specifically, Plaintiffs allege that the trial plan offered Plaintiffs did not include "specific terms for the permanent modification [. . .]."  See Plaintiffs' Complaint, ¶ 51.  Plaintiffs also allege that Defendant's determination of what constitutes an acceptable offer was "a distinct violation of 12 CFR § 1024.41(e)."  See Plaintiffs' Complaint, ¶ 52.

Defendant, in its motion to dismiss, points out that there is no requirement in 12 CFR § 1024.41(e) that a trial plan include the terms for a permanent modification and that Plaintiffs do not identify such a requirement in the regulation.  See, e.g., *Romero v. Bank of Am., N.A.,* 2015 U.S. Dist. LEXIS 6600, *3-5, 2015 WL 265057 (D. Kan. Jan. 21, 2015) (trial plan and permanent loan modification identified as separate agreements).  Moreover, nothing in 12 CFR § 1024.41(e) prohibits a servicer from unilaterally determining what constitutes an acceptable offer of loss mitigation.

Rather than address this issue in their Response, Plaintiffs cite 12 CFR § 1024.41(c)(1)(ii) and contend the "Defendant conveniently ignores [. . .] the fact that 12 CFR § 1024.41(c)(1)(ii) specifically imposes a duty on a servicer to notify a borrower of all loss mitigation offers."  See Response, pg. 6 (emphasis in original).

Plaintiffs go on to cite *Bennett v. Bank of Am., N.A.*, 126 F. Supp. 3d 871, 2015 U.S. Dist. LEXIS 113948 (E.D. Ky. 2015).

Plaintiffs do not mention 12 CFR § 1024.41(c)(1)(ii) in count one of their Complaint and Plaintiffs' reliance on *Bennett* is misplaced. In *Bennett,* the plaintiffs ("Bennetts") contended that the defendant ("Rushmore") violated section 1024.41(c) because "Rushmore decided to offer the Bennetts two loss mitigation options – a forbearance agreement [. . .] and a proprietary trial loan modification [. . .]. But the Bennetts only received the forbearance agreement." 126 F. Supp. 3d at 884. It was based on this allegation, in part, that the Court denied Rushmore's motion to dismiss count V of the plaintiffs' complaint.

In this case, in count one of their Complaint, Plaintiffs do not allege that they failed to receive an offered loss mitigation option from Defendant. Instead, Plaintiffs contend that the "threshold question for this Court to answer is whether the offer reflected in Exhibit G is a loss mitigation option." See Response, pg. 6. Plaintiffs do not explain what this "threshold" question has to do with 12 CFR § 1024.41(c)(1)(ii) or the Court's ruling in *Bennett.* And again, the only reason given in Plaintiffs' Complaint, count one, as to why Exhibit G is supposedly not a loss mitigation option is because it did not include "specific terms for the permanent modification, [. . .]." And again, because there is no requirement in 12 CFR § 1024.41(e) that a trial plan include the terms for a permanent modification and because Plaintiffs do not identify such a requirement in the regulation, the Court should dismiss Plaintiffs' count one.

Case No. 2:16-cv-02798-JTM-TJJ
SL # 198139

### C.  Plaintiffs' count two does not state a cause of action pursuant to 12 CFR § 1024.41(c).

In their Response, Plaintiffs lump together their analysis of count one and two. Plaintiffs do not parse out why the Court should not dismiss count two. Plaintiffs' count two is premised on supposed violations of 12 CFR § 1024.41(c). Specifically, Plaintiffs allege that Defendant, in the requisite notice to Plaintiffs, did not include an "indication of all loss mitigation options the Plaintiffs were reviewed for." See Plaintiffs' Complaint, ¶ 65. This is the only supposed violation of 12 CFR § 1024.41(c) alleged in Plaintiffs' Complaint, count two.

As stated in the memorandum offered in support of Plaintiffs' motion to dismiss, 12 CFR § 1024.41(c)(1)(ii) sets out the requirement of the notice a servicer must send. This section requires the servicer to state in the notice "which loss mitigation options, if any, it will offer to the borrower [. . .]." 12 CFR § 1024.41(c)(1)(ii). There is no requirement that the notice list all option considered.

In their Response, Plaintiffs attempt to rewrite their Complaint. Plaintiffs appear to now agree that 12 CFR § 1024.41(c)(1)(ii) only requires that the notice include loss mitigation options the Plaintiffs were offered. See Response, pg. 8. Plaintiffs go on to argue that because *Bennett* "is factually similar" to this case, and the Court denied the motion to dismiss in *Bennett*, the Court should deny Defendant's motion to dismiss in the case.

Again, Plaintiffs' reliance on *Bennett* is misplaced. In *Bennett,* the defendant approved the Bennetts for a trial loan modification, but the 12 CFR §

4

1024.41(c)(1)(ii) notice sent to the Bennetts did not include notice of the offer.  126 F. Supp. 3d at 883-85.  In this case, Plaintiffs do not plead that the 12 CFR § 1024.41(c)(1)(ii) notice they received did not include all offers.  Plaintiffs imply in their Complaint and Response that the analysis underlying the offer was somehow faulty.  See Plaintiffs' Complaint, ¶¶ 62–64.  But Plaintiffs do not plead in their Complaint or explain in their Response how this supposedly faulty analysis constitutes a violation of 12 CFR § 1024.41(c).  The Court should dismiss Plaintiff's count two.

**D.    Plaintiff's' count three does not state a cause of action pursuant to 12 CFR § 1024.35(b).**

In their Response, Plaintiffs contend that Defendant's reliance on *Watson v. Bank of Am., N.A.*, 2016 U.S. Dist. LEXIS 85580, 2016 WL 3552061 (S.D. Cal. June 30, 2016) is "misguided".  This is simply not true.

> As stated by the Court in *Watson,*
>
> For a violation of 12 C.F.R. § 1024.35(e), Plaintiff must allege facts of when the letter was sent, to whom it was directed, why it was sent, and the contents of the letter so that it may determine if the letter qualifies as a NOE. See *Kilgore v. Ocwen Loan Serv.*, LLC, 89 F. Supp. 3d 526, 538 (E.D.N.Y. 2015) (conclusory allegation that a plaintiff submitted an NOE does not state a plausible claim under RESPA).
>
> Here, Plaintiffs summarily allege that the NOE raised an issue as to conflicting figures in the life of the loan history, and fail to assert specific facts as to the conflicting figures given the long length of the loan history. Accordingly, Plaintiffs have not alleged a claim concerning the NOE, and the Court GRANTS BANA's motion to dismiss the Regulation X violations as to the NOE.

2016 U.S. Dist. LEXIS 85580, *26-27.

The only reference to the content of the notice of error (NOE #2) included in Plaintiffs' count three is in ¶ 72: "Upon belief, NOE #2 contained a Notice of Error pertaining to the loss mitigation review." This is the type of summary allegation rejected by the Court in *Watson*.

Plaintiffs contend that Defendant "does not dispute" that Plaintiffs sent NOE #2 or the content of the notice. Response, pg. 9. This is simply not true. In the memorandum in support of Defendant's motion to dismiss, Defendant cites *Watson* and contends that Plaintiffs do not adequately state a cause of action premised on NOE #2. See Defendant's Memorandum, page 5.

It is important to note the Plaintiffs do not attach NOE #2 to their Complaint. There is no way for the Court or any party to conclude, or dispute, that NOE #2 qualifies as a notice of error. For this reason alone the Court should dismiss Plaintiffs' count three.

Plaintiffs' Count Three is premised on supposed violations of 12 CFR § 1024.35(b). According to Plaintiffs, Defendant's only apparent violation of 12 CFR § 1024.35(b) is that Defendant failed to provide Plaintiffs with a "waterfall analysis". As stated in Defendant's memorandum in support of its motion to dismiss, 12 CFR § 1024.35(b) lists the categories of covered errors. Failure to provide a waterfall analysis is not included in 12 CFR § 1024.35(b). Because failure to provide a waterfall analysis, without more, is not a violation of 12 CFR § 1024.35 the Court should dismiss Plaintiffs' count three.

Case No. 2:16-cv-02798-JTM-TJJ
SL # 198139

### E.     Plaintiffs' count four does not state a cause of action for Fraudulent Misrepresentation.

In Defendant's memorandum in support of its motion to dismiss, Defendant states the elements of fraud based upon an affirmative misrepresentation. *Broberg v. Boling*, 183 Kan. 627, 634, 331 P.2d 570 (1958) and *Albers v. Nelson*, 248 Kan. 575, 579, 809 P.2d 1194 (1991).  Plaintiffs agree that *Broberg* and *Albers* accurately state the elements of a cause of action for fraudulent misrepresentation in Kansas. Plaintiffs assert they pled the elements of fraudulent misrepresentation in their Complaint, but that is not true.

Essentially, Plaintiffs plead that Defendant offered them a repayment plan with unfavorable terms.  See Plaintiffs' Complaint, ¶ 85.  Even if true, Plaintiffs do not plead that any of the terms in the plan constituted a fraudulent misrepresentation.     Plaintiffs do not plead that, in the payment plan, "a representation was made as a statement of fact, which was untrue and known to be untrue by the party making it, or else recklessly made."     Moreover, Plaintiffs do not plead that Defendant offered the payment plan with the "intent to deceive and for the purpose of inducing [. . .] [Plaintiffs] to act upon it [. . .]."  Finally, Plaintiffs do not plead that they did in fact rely on the payment plan and were "induced thereby to act to [. . .] [their] injury or damage." *Broberg*, 183 Kan. at 634.

In their Response, Plaintiffs contend they complied with Fed. R. Civ. P. 9(b). This is not true.   Fed. R. Civ. P. 9(b) requires a party pleading fraud to state "with particularity the circumstances constituting fraud [. . .]."   Plaintiffs fail to plead

with particularity any "untrue statement of fact, known to be untrue by [. . .] [Defendant]."    Plaintiffs fail to plead with particularity what supposed misrepresentations were made by Defendant "with the intent to deceive or recklessly made with disregard for the truth [. . .]."  Finally, Plaintiffs fail to plead with particularity how they "justifiably [. . .] [relied] on the statement and acts to [. . .] [their] injury and damage." *Albers*, 248 Kan. at 579.

Simply offering a repayment plan, even if with unfavorable terms, does not, without more, constitute fraudulent misrepresentation.    Plaintiffs could, and apparently did, refuse to accept the terms of the agreement.   The Court should dismiss Plaintiffs' count four.

### F.   Plaintiff's' count five does not state a cause of action for breach of contract.

The only allegation asserted in Plaintiffs' Complaint concerning the existence of a contract between Plaintiffs and Defendant is in Plaintiffs' Complaint, ¶ 89. This paragraph states nothing more than the bare legal conclusion that because Defendant is the servicer of Plaintiffs' mortgage loan, the parties have a contractual relationship.  In their Response, Plaintiffs contend this allegation alone is sufficient to avoid dismissal.  Plaintiffs do not cite a single authority for this proposition. There is authority to the contrary.  For example, the Court in *Berneike v. CitiMortgage, Inc.*, concluded that a breach of contract claim "based on legal conclusions without sufficiently alleged supporting facts" was properly dismissed. 708 F.3d 1141. 1151 (10th Cir. 2013).

Case No. 2:16-cv-02798-JTM-TJJ
SL # 198139

In their Complaint, Plaintiffs assert that "Rushmore has breached the Mortgage Contract." Plaintiffs' Complaint, ¶ 95. Again there are no supporting facts for this bald legal conclusion. As stated in the memorandum supporting Defendant's motion for summary judgment, the "mortgage contract" consists of the mortgage and note. Plaintiffs do not plead that Defendant was a party to the mortgage or note and do not plead what provision of the mortgage or note Defendant supposedly breached. Plaintiffs do not plead the existence of any other contract between them and Defendant.

In their Response, Plaintiffs rely heavily on the assertion that count five is premised on a violation of the covenant of good faith and fair dealing. The duty of good faith and fair dealing is implied into a contract. Consequently, it is not an independent tort and is derivative of a breach of contract claim. See *Guarantee Abstract & Title Co., Inc. v. Interstate Fire and Cas. Co., Inc.*, 232 Kan. 76, 78, 652 P.2d 665, 667-68 (1982), cited in *Jacobson-Campbell Excavation, Inc. v. M&I Marshall & Isley Bank*, 285 P.2d 395, *9 (Kan. App. 2012) (Unpublished Disposition). Unless Plaintiffs adequately plead the existence of a contract between Plaintiffs and Defendant, they do not plead a cause of action for breach of covenant of good faith and fair dealing. The Court should dismiss Plaintiffs' count five.

### G. Plaintiff's' count six does not state a cause of action for violation of 15 U.S.C. 1692(k).

In Count Six, Plaintiffs contend that Defendant violated 15 U.S.C. 1692(d) and (f) "by failing to properly review LM # 1 and offering an unconscionable

payment proposal guised as a loan modification [. . .]." See Plaintiffs' Complaint, ¶ 104.  In its memorandum in support of its motion to dismiss, Defendant identifies the type of conduct that constitutes a violation of 15 U.S.C. § 1692d and 15 U.S.C. § 1692f.  In its memorandum, Defendant goes on to establish that Plaintiffs have not plead a cause of action under either statute.

In their Response, Plaintiffs appear to abandon their 15 U.S.C. § 1692f claim. There is no mention of the statute and Plaintiffs make no effort to rebut Defendant's rationale for why the Court should dismiss count six.

In their Response, to establish a violation of 15 U.S.C. § 1692d, Plaintiffs contend they were "left guessing" and "were confused" by Defendant's conduct. What Plaintiffs do not plead is that Defendant's conduct was in anyway harassing, oppressive, or abusive.  *Udell v. Kan. Counselors, Inc.,* 313 F. Supp. 2d 1135, 1143, 2004 U.S. Dist. LEXIS 6161 (D. Kan. 2004).  For the reasons stated in Defendant's memorandum in support of its motion to dismiss, the Court should deny Plaintiffs' count six.

### H.   Plaintiffs' count seven does not state a cause of action for violation of 15 USC § 1692e.

The parties agree that the central issue for the Court in deciding whether to dismiss count seven is whether the facts as plead by Plaintiffs constitute a material violation of 15 USC § 1692e.  Plaintiffs do not address the Court's finding in *Miranda v. Praxis Fin. Solutions, Inc.,* that "a false statement is material if it would

Case No. 2:16-cv-02798-JTM-TJJ
SL # 198139

impact the least sophisticated consumer's decisions with respect to a debt." 2014 U.S. Dist. LEXIS 154679, *6, 2014 WL 5504745 (D. Colo. Oct. 31, 2014).

Plaintiffs contend that *Maynard v. Bryan W. Cannon, P.C.,* 401 Fed. Appx. 389, 2010 U.S. App. LEXIS 23308 (10th Cir. 2010), is inapplicable because it does not specifically address 15 USC § 1692e. Plaintiffs make this assertion even though the Court in *Miranda* relies on *Maynard* to arrive at the conclusion that materiality applies to 15 USC § 1692e. 2014 U.S. Dist. LEXIS 154679, *6. Moreover, Plaintiffs rely heavily on *Muller v. Midland Funding*, 2016 U.S. Dist. LEXIS 68939 (W.D. Mo. May 26, 2016). The Court in Muller stated "all Circuit Courts that have addressed the issue of materiality have found that a false statement is not actionable under 15 U.S.C. § 1692e unless that statement is material." In arriving at this conclusion, the Court in *Muller* cites, among others, the opinion in *Maynard.* 2016 U.S. Dist. LEXIS 68939, *4.

Plaintiffs' count seven is premised on the assertion that the two amounts of arrears in a January Reinstatement Plan (Plaintiffs' Exhibit A) were different and that the two amounts in the plan were different from an amount reported in an Equifax credit report (Plaintiffs' Exhibit B). See Plaintiffs' Complaint, ¶ 115. Based on Plaintiffs' own admission the amounts stated in the January Restatement Plan was a typo. See Response, page 15. Moreover, the Equifax credit report was not directed to Plaintiffs. See Plaintiffs' Complaint, ¶ 20. Finally, nowhere in count seven do Plaintiffs plead that the typo in the January Restatement Plan or the Equifax credit report impacted any decision Plaintiffs made respecting the debt. At

most, Plaintiffs claim they were confused.   See Plaintiffs' Complaint, ¶ 23. Plaintiffs do not plead how the typo and credit report were material.   For this reason, the Court should dismiss count seven.

## I.   Plaintiffs' count eight does not state a cause of action for violation of 15 USC § 1692e.

Plaintiffs allege that Defendant violated 15 USC § 1692e(11) because it did not insert the requisite debt collector language in Plaintiffs' Exhibit A.   Plaintiffs do not provide a complete copy of Exhibit A.   There is no way for the Court to determine whether Plaintiffs have accurately stated a violation of 15 USC § 1692e(11).   Compare discussion of notice of error in *Watson v. Bank of Am., N.A.,* 2016 U.S. Dist. LEXIS 85580, HN 18, *30, 2016 WL 3552061 (S.D. Cal. June 30, 2016), *supra.*

In the memorandum supporting its motion to dismiss, Defendant cites *Galligan v. FMS, Inc.,* 2012 U.S. Dist. LEXIS 50476, *18-19, 2012 WL 1207214 (D. Kan. Apr. 11, 2012) (15 USC § 1692e(11) is satisfied if the defendant generally provides the information delineated in 15 USC § 1692e(11)).   Plaintiffs do not dispute that *Galligan* is applicable.   Instead, Plaintiffs claim that Exhibit A is "clearly devoid of any statement that it is an attempt to collect a debt, and the least sophisticated consumer would not be able to glean that the Reinstatement Plan is from a debt collector."  See Response, page 19.  This is not true.

Assuming for the sake of argument, the least sophisticated consumer standard applies, this "does not mean that debt collectors may be held liable for

Case No. 2:16-cv-02798-JTM-TJJ
SL # 198139

'unreasonable misinterpretations.' The least sophisticated consumer is not a "dimwit," but rather uninformed, naive, and trusting. Such a consumer possesses rudimentary knowledge about the financial world and is "capable of making basic logical deductions and inferences, [. . .]." *Hudspeth v. Capital Mgmt. Servs., L.P.*, 2013 U.S. Dist. LEXIS 25260, \*11-12 (D. Colo. Feb. 25, 2013).

Exhibit A refers Plaintiffs to their loan and the fact they are in default. The letter references a payment plan "that could eventually bring your payments current and help you avoid foreclosure on your property." Exhibit A also states that complying with the plan "will suspend all collection and foreclosure activity." Exhibit A, ¶ 1. There is similar language throughout Exhibit A. For example, in paragraph two, Exhibit A recites that failure to accept the plan could result in resumption of "collection and foreclosure" activities. Exhibit A, ¶ 2. A person with rudimentary knowledge about the financial world and who is capable of making basic logical deductions and inferences would read Exhibit A and realize that Exhibit A was from a debt collector and concerned collection of a debt. Plaintiffs fail to state a cause of action against Defendant in count eight.

## II.   Conclusion

For the reasons stated herein, Defendant respectfully requests that the Court dismiss Plaintiffs' Complaint and claims against Defendant and grant Defendant whatever additional relief the Court deems appropriate.

Respectfully submitted,

/s/ David L. Boman
David L. Boman (KS # 19896)
SouthLaw, P.C.
13160 Foster Suite 100
Overland Park, KS 66213-2660
(913) 663-7735
(913) 663-7899 (Fax)
David.Boman@southlaw.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2017 I electronically filed the above and foregoing with the clerk of court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

/s/ David L. Boman
David L. Boman

Case No. 2:16-cv-02798-JTM-TJJ
SL # 198139