IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS
AT KANSAS CITY, KANSAS

| | |
|---|---|
| Douglas and Serenity Boedicker, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>Rushmore Loan Management )<br>Services LLC, )<br>)<br>Defendant. ) | Case No. 2:16-cv-02798-JTM-TJJ |

## DEFENDANT RUSHMORE LOAN SERVICES LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

Defendant Rushmore Loan Management Services LLC ("Defendant"), by and through the undersigned attorney, for its answer and affirmative defenses to Plaintiffs Douglas and Serenity Boedicker's ("Plaintiffs") Complaint ("Complaint") states as follows:

### ANSWER

### Introduction

1. In response to Plaintiffs' "Introduction", Defendant states that Plaintiffs' introduction does not comply with Fed. R. of Civ. P. 8(a) and, as such, no response from Defendant is required. To the extent a response is required, Defendant denies each and every allegation asserted against Defendant in Plaintiffs' Introduction.

### Parties, Jurisdiction, and Venue

2. Defendant denies each and every allegation contained in Plaintiffs' Complaint except those specifically admitted.

1

3. Plaintiffs' Complaint contains numerous legal conclusions to which no response from Defendant is required. To the extent that a response may be required, Defendant denies each and every one of these allegations.

4. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶¶ 1 and 2 of Plaintiffs' Complaint, and therefore denies the allegations contained in ¶¶ 1 and 2 of Plaintiffs' Complaint.

5. Defendant admits the allegations contained in ¶ 3 of Plaintiffs' Complaint.

6. Plaintiffs' Complaint, ¶¶ 4 through 7 state legal conclusions to which no response from Defendant is required. To the extent a response may be required, Defendant denies each and every one of these allegations.

## Factual Allegations

### Introduction

7. In response to ¶ 8 of Plaintiffs' Complaint, Defendant incorporates herein as if set out in full its responses to the Introduction and ¶¶ 1 through 7 of Plaintiffs' Complaint.

8. Plaintiffs' Complaint, ¶¶ 9 through 14 state legal conclusions to which no response from Defendant is required. To the extent a response may be required, Defendant denies each and every one of these allegations.

### Factual Background

9. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 15 of Plaintiffs' Complaint, and therefore denies the allegations contained in ¶ 15 of Plaintiffs' Complaint.

2

10. In response to ¶¶ 16 and 17 of Plaintiffs' Complaint, Defendant states that the referenced document speaks for itself and, as such, no response from Defendant is required. To the extent a response may be required, Defendant denies each and every allegation contained in ¶¶ 16 and 17 of Plaintiffs' Complaint.

11. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶¶ 18 through 20 of Plaintiffs' Complaint, and therefore denies the allegations contained in ¶¶ 18 through 20 of Plaintiffs' Complaint.

12. In response to ¶¶ 21 and 22 of Plaintiffs' Complaint, Defendant states that the referenced document speaks for itself and, as such, no response from Defendant is required. To the extent a response may be required, Defendant denies each and every allegation contained in ¶¶ 21 and 22 of Plaintiffs' Complaint.

13. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶¶ 23 through 25 of Plaintiffs' Complaint, and therefore denies the allegations contained in ¶¶ 23 through 25 of Plaintiffs' Complaint.

14. In response to ¶ 26 of Plaintiffs' Complaint, Defendant states that the referenced document speaks for itself and, as such, no response from Defendant is required. To the extent a response may be required, Defendant denies each and every allegation contained in ¶ 26 of Plaintiffs' Complaint.

15. In response to ¶¶ 27 and 28 of Plaintiffs' Complaint, Defendant states that the referenced documents speak for themselves and, as such, no response from Defendant is required.  To the extent a response may be required, Defendant denies each and every allegation contained in ¶¶ 27 and 28 of Plaintiffs' Complaint.

16. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 29 of Plaintiffs' Complaint, and therefore denies the allegations contained in ¶ 29 of Plaintiffs' Complaint.

17. In response to ¶¶ 30 through 33 of Plaintiffs' Complaint, Defendant states that the referenced document speaks for itself and, as such, no response from Defendant is required.  To the extent a response may be required, Defendant denies each and every allegation contained in ¶¶ 30 through 33 of Plaintiffs' Complaint. Moreover, in further response to ¶ 33 of Plaintiffs' Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 33 of Plaintiffs' Complaint related to what the Plaintiffs knew, and therefore denies the allegations contained in ¶ 33 of Plaintiffs' Complaint related to what the Plaintiffs knew.

18. In response to ¶¶ 34 and 35 of Plaintiffs' Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶¶ 34 and 35 of Plaintiffs' Complaint, and therefore denies the allegations contained in ¶¶ 34 and 35 of Plaintiffs' Complaint.

19. In response to ¶ 36 of Plaintiffs' Complaint, Defendant states that ¶ 36 of Plaintiffs' Complaint does not comply with Fed. R. of Civ. P. 8(a) and, as such, no

response from Defendant is required. To the extent a response is required, Defendant denies each and every allegation asserted against Defendant in ¶ 36 of Plaintiffs' Complaint.

20. In response to ¶¶ 37 through 40 of Plaintiffs' Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶¶ 37 through 40 of Plaintiffs' Complaint, and therefore denies the allegations contained in ¶¶ 37 through 40 of Plaintiffs' Complaint.

21. In response to ¶¶ 41 through 44 of Plaintiffs' Complaint, Defendant states that the referenced documents speak for themselves and, as such, no response from Defendant is required. To the extent a response may be required, Defendant denies each and every allegation contained in ¶¶ 41 through 44 of Plaintiffs' Complaint.

22. In response to ¶ 45 of Plaintiffs' Complaint, Defendant states that ¶ 45 of Plaintiffs' Complaint does not comply with Fed. R. of Civ. P. 8(a) and, as such, no response from Defendant is required. To the extent a response is required, Defendant denies each and every allegation asserted against Defendant in ¶ 45 of Plaintiffs' Complaint.

## Count One

23. Count One was dismissed in the Court's Memorandum and Order entered on April 20, 2017.

## Count Two

24. Count Two was dismissed in the Court's Memorandum and Order entered on April 20, 2017.

## Count Three

25. In response to ¶ 69 of Plaintiffs' Complaint, Defendant incorporates herein as if set out in full its responses to the Introduction and ¶¶ 1 through 24 of Plaintiffs' Complaint.

26. Plaintiffs' Complaint, ¶¶ 70 and 71 state legal conclusions to which no response from Defendant is required. To the extent a response may be required, Defendant denies each and every one of these allegations.

27. In response to ¶¶ 72 and 73 of Plaintiffs' Complaint, Defendant states that the referenced documents speak for themselves and, as such, no response from Defendant is required. To the extent a response may be required, Defendant denies each and every allegation contained in ¶¶ 72 and 73 of Plaintiffs' Complaint.

28. Defendant denies each and every allegation contained in Plaintiffs' Complaint, ¶¶ 74 through 79.

## Count Four

29. Count Four was dismissed in the Court's Memorandum and Order entered on April 20, 2017.

## Count Five

30. Count Five was dismissed in the Court's Memorandum and Order entered on April 20, 2017.

## Count Six

31. Count Six was dismissed in the Court's Memorandum and Order entered on April 20, 2017.

## Count Seven

32. In response to ¶109 of Plaintiffs' Complaint, Defendant incorporates herein as if set out in full its responses to the Introduction and ¶¶ 1 through 31 of Plaintiffs' Complaint.

33. Plaintiffs' Complaint, ¶¶ 110 through 114 state legal conclusions to which no response from Defendant is required. To the extent a response may be required, Defendant denies each and every one of these allegations.

34. In response to ¶¶ 115 through 117 of Plaintiffs' Complaint, Defendant states that the referenced documents speak for themselves and, as such, no response from Defendant is required. To the extent a response may be required, Defendant denies each and every allegation contained in ¶¶ 115 through 117 of Plaintiffs' Complaint.

35. Plaintiffs' Complaint, ¶¶ 118 states legal conclusions to which no response from Defendant is required. To the extent a response may be required, Defendant denies each and every one of these allegations.

36. Defendant denies each and every allegation contained in Plaintiffs' Complaint, ¶¶ 119 and 120.

37. Plaintiffs' Complaint, ¶¶ 121 states legal conclusions to which no response from Defendant is required. To the extent a response may be required, Defendant denies each and every one of these allegations.

38. Defendant denies each and every allegation contained in Plaintiffs' Complaint, ¶ 122.

SL # 198139
Case No. 2:16-cv-02798-JTM-TJJ

## Count Eight

39. Count Eight was dismissed in the Court's Memorandum and Order entered on April 20, 2017.

For these reasons, Defendant requests that the Court deny Plaintiffs the relief sought in Plaintiffs' Complaint, dismiss Plaintiffs' Complaint and grant Defendant whatever relief the Court deems just and equitable.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' Complaint fails to state any claim upon which relief may be granted against Defendant.

2. Plaintiffs are equitably estopped from pursuing this lawsuit by virtue of their knowledge, conduct or own acts.

3. Plaintiffs' causes of action are barred by the doctrines of laches and unclean hands.

4. Plaintiffs cannot recover attorney's fees and costs under any applicable contract or statute.

5. Plaintiffs have failed to properly plead punitive damages and, as such, are not entitled to punitive damages.

6. The statutory provisions Plaintiffs rely on do not provide for a private cause of action.

7. Plaintiffs have failed to take reasonable steps to reduce or minimize the damages alleged in Plaintiffs' Complaint.

8.  Plaintiffs owe Defendant money or other valuable consideration and that offsets any of the damages Plaintiffs allege.

9.  Plaintiffs have not suffered any economic loss.

10. Defendant acted in good faith and without malice or intent to injure Plaintiffs.

11. Plaintiffs' request for punitive damages and/or any subsequent imposition of punitive damages against Defendant violates Defendant's constitutional rights under the Fifth and Fourteenth Amendments to the Constitution of the United States.

12. Defendant reserves the right to rely upon such other affirmative defenses as may become available or apparent during the course of discovery, and reserves the right to amend its Answer to assert those defenses.

For these reasons, Defendant respectfully requests that this Court enter judgment in favor of Defendant and against Plaintiffs.

Respectfully submitted,

/s/ David L. Boman
David L. Boman (KS # 19896)
SouthLaw, P.C.
13160 Foster Suite 100
Overland Park, KS 66213-2660
(913) 663-7735
(913) 663-7899 (Fax)
David.Boman@southlaw.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

  I hereby certify that on May 4, 2017 I electronically filed the above and foregoing with the clerk of court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

              /s/ David L. Boman
              David L. Boman

SL # 198139
Case No. 2:16-cv-02798-JTM-TJJ